Bonnie Browning appeals from the granting of a motion to dismiss filed by the City of Gadsden in an action brought by Browning to recover for personal injuries which she sustained as the proximate consequence of alleged negligence of the city in maintaining a public driveway in a dangerous and defective condition. We reverse.
Browning was injured on February 3, 1976, when she stepped into a hole in the pavement of a driveway which runs from the entrance of Baptist Memorial Hospital to Goodyear Avenue in Gadsden, Alabama. On May 11, 1976 Browning filed suit against the hospital and three fictitious defendants, to-wit:
 ". . . Defendants 1, 2, 3, it being the intention of the Plaintiff to name that entity or those entities responsible for the maintenance of the premises on which the Plaintiff was injured as set out herein, the name or names or that entity or those entities being unknown at this time but will be added by amendment when ascertained."
Browning later learned that the property on which the accident occurred might belong to the City of Gadsden. Her complaint was then amended on February 8, 1977, substituting the city as a party defendant in place of one of the fictitious defendants.
On February 18, 1977 the City of Gadsden filed a motion to dismiss Browning's complaint under Rule 12 (b)(6), Alabama Rules of Civil Procedure. However, prior to a ruling by the trial court on this motion, Browning again amended her complaint to state that notice of her claim had been filed with the City Clerk of Gadsden on February 22, 1977. The complaint was subsequently amended a third time to include a cause of action in implied contract against the City of Gadsden.
Motion to dismiss the complaint as amended was filed by the City of Gadsden on April 14, 1977, based on the grounds that Browning's action against the city was barred because she failed to present her claim to the City Clerk of Gadsden within six months from the date of injury as required by Title 37, sections 476 and 504, Code of Alabama 1940 (§§ 11-47-23,11-47-192, Code 1975). Browning appeals from the granting of this motion and subsequent dismissal.
It is argued on appeal that non-compliance with the six months limitation for presentation of tort claims against a city found in Title 37, section 476, may not be raised as a defense by a pre-answer motion to dismiss for failure to state a claim upon which relief could be granted. We cannot agree with this contention and therefore hold that such a defense may be asserted by pre-answer motion. As the question is one of first impression for this court, the opinion will consider decisions of the court which deal with raising a statute of limitations defense by pre-answer motion.
In McGruder v. B L Construction Company, Inc., 293 Ala. 354, 303 So.2d 103 (1974), this court found that a Rule 12 (b)(6) motion to dismiss is available to attack a complaint when an affirmative defense appears on the face of the complaint. The following was quoted in that opinion from Wright Miller, 5 Federal Practice and Procedure: Civil § 1357, p. 608:
 "A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading. Since Rule 9 (f) makes averments of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim. . . ."
The McGruder rationale has been followed by this court inBoard of School Com'rs of Mobile County v. Reynolds, 294 Ala. 21, 310 So.2d 876 (1975), and Blackmon v. Chrysler MotorsCorporation, Inc., 294 Ala. 426, 318 So.2d 286 (1975).
Federal courts have also held that a rule 12 (b)(6) motion to dismiss is an appropriate method for raising a statute of limitations defense in cases construing Rule 12 (b)(6) under the federal procedure. See, e.g., Mann v. Adams Realty Company,Inc., *Page 363 556 F.2d 288 (5th Cir. 1977); White v. Padgett, 475 F.2d 79 (5th Cir. 1973); Joe E. Freund, Inc., v. Insurance Company of NorthAmerica, 370 F.2d 924 (5th Cir. 1967); Herron v. Herron,255 F.2d 589 (5th Cir. 1958). See also 2A Moore's Federal Practice ¶ 12.10, p. 2314.
In light of these previous decisions of our court and the federal courts, we find in the present case that Browning's alleged failure to comply with the limitation period in Title 37, section 476, was properly raised by the City of Gadsden in a motion to dismiss under Rule 12 (b)(6). However, we conclude that the trial court erred in granting the City of Gadsden's motion for the reasons hereinafter discussed.
It is the position of Browning that the amendment substituting the City of Gadsden as a party defendant in place of "Defendant 1" complies with Rule 9 (h), Alabama Rules of Civil Procedure, and relates back (under Rule 15 (c), Alabama Rules of Civil Procedure) to the time of the filing of the original complaint. As the original complaint was filed within six months of the accrual of the action, the suit against the city was timely under Title 37, section 476, even though presentment of the claim did not occur within the prescribed time. Thus the resolution of this part of the appeal is bottomed on construction of the fictitious parties provisions in Rule 9 (h).
The committee comments to the rule note that Rule 9 (h) is in the spirit of, and closely drawn from, Title 7, section 136, Code of Alabama 1940, which deals with fictitious parties, and that the case law construction of this statute should be consulted in the application of the rule. Rule 9 (h) provides the following:
 "(h) Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
This court has found that the principal area of operation of Title 7, section 136, and its statutory predecessors, is in emergency cases where neither the name nor the identity of the defendant is known, as where the cause of action is known but the party liable is not, and there is urgent need to get service of process upon the party against whom the plaintiff has an action, or there is need for immediate seizure of property. McKelvey-Coats Furniture Co. v. Doe, 240 Ala. 135,198 So. 128 (1940); Roth v. Scruggs, 214 Ala. 32, 106 So. 182
(1925).
In the present case, Browning clearly knew the "name" of the City of Gadsden at the time she filed her original complaint. Therefore, the central question here is whether Rule 9 (h) permits the substitution of a named party for a fictitious one and allows the amendment doing so to related back even if, at the time of the filing of the original complaint, the plaintiff knows the true name of the defendant but is ignorant of facts giving her a cause of action against such defendant.
This court recently discussed the interpretation of Rule 9 (h) in Hinton v. Hobbs, 349 So.2d 28 (Ala. 1977). Briefly stated, the pertinent facts of that case were that the trustee for the estate of Hinton brought suit against two named defendants and
 ". . . A through Z, person, firms or corporations who withheld the truth as to facts pertinent to the transactions herein described, and whose correct names are unknown but will be furnished when ascertained. . . ."
After the statute of limitations had run, the trustee amended the complaint substituting the First State Bank of Tuscaloosa as a party defendant in place of fictitious defendant A. The trustee argued that Rule 9 (h) permitted the substitution and that the amendment related back to the time of the filing of the complaint even though the trustee knew the true name of the Bank at that time but lacked knowledge of facts giving him a cause of action against the Bank. This court held that the cause of action was barred by the statute of limitations because the complaint in the case showed on its face that the trustee was not ignorant of the Bank's involvement in the *Page 364 
transactions complained of at the time of the filing of the original complaint and the amendment therefore did not relate back.
Contrary to the result reached in Hinton v. Hobbs, supra, a review of the record in the present case fails to show factual allegations in the original complaint which would indicate that Browning had knowledge of any facts concerning the City of Gadsden's possible involvement in her personal injury action prior to January 29, 1977. On that date, through responses given by Baptist Memorial Hospital to her interrogatories, Browning learned that the City of Gadsden might be the party responsible for the maintenance of the premises on which she was allegedly injured. Shortly thereafter, on February 8, 1977, the original complaint was amended to substitute the City of Gadsden as a party defendant. Therefore, Browning was "ignorant of the name of the opposing party" within the meaning of Rule 9 (h) at the time of the filing of the original complaint because Browning lacked knowledge of facts giving rise to a cause of action against the City of Gadsden. Under these facts, we hold that the amendment related back to the filing of the original complaint under Rule 15 (c) and that suit was brought against the City within six months of the accrual of Browning's cause of action.
If a suit on a claim against a city is commenced within the six month period prescribed in Title 37, section 476, it is a sufficient presentation of the claim under the statute. Frickev. City of Guntersville, 257 Ala. 442, 59 So.2d 590 (1952);Howell v. City of Dothan, 234 Ala. 158, 174 So. 624 (1937);Town of Linden v. American-La France Foamite Industries,232 Ala. 167, 167 So. 548 (1936).
For the foregoing reasons, this cause is hereby reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES and SHORES, JJ., concur.
BEATTY, J., concurs in the result.