On October 14, 1977, Preastley H. Battle, as administrator of the estate of Willie H. Battle, filed a wrongful death action against General Motors Corporation and Samuel Edward Motley for the death of Battle which resulted from injuries sustained in an automobile accident on December 26, 1976. The suit charged Motley with negligently causing Battle's death.
On November 14, 1977, Motley filed an answer and counterclaim alleging that decedent Battle negligently operated his automobile causing Motley's injury.
Letters of Administration were granted upon Battle's estate on January 17, 1977, and no claim was filed against his estate by Motley within six months thereof for any alleged injuries suffered by Motley and made the basis of his counterclaim.
These facts are undisputed. The trial court granted summary judgment in favor of the Battle estate, holding that Motley's counterclaim was barred for failure to comply with the nonclaim statute, § 43-2-350, Code of Alabama 1975. We affirm.
The nonclaim statute, in pertinent part, provides:
 "All claims against the estate of a decedent . . . whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited. . . ."
In Moore v. Stephens, 264 Ala. 86, 93, 84 So.2d 752, 760
(1956), this court held:
 ". . . the statute of nonclaim is clear and unambiguous and `must be construed to mean just what the words import', and the words `all claims against the estate of the decedent' should be construed to include all claims not specifically excepted, and thus to include tort claims."
Clearly, Motley's counterclaim seeking damages for personal injury is a tort claim and it is clearly a claim against the Battle estate. He argues, however, that because ARCP 13 (c) provides in part that
 ". . . All counterclaims other than those maturing or acquired after pleading shall relate back to the time the original plaintiff's claim arose,"
his counterclaim should be treated as relating back to the time Battle's death action arose and, therefore, not barred by the nonclaim statute, because the filing of the counterclaim is sufficient notice to comply with the statute. It is true thatBarrett v. Fondren, 262 Ala. 537, 80 So.2d 243 (1955), held that a suit filed within six months after grant of letters of administration was a sufficient presentation of a claim against an estate. That case would support an argument that a counterclaim filed within six months of the grant of letters of administration would be sufficient; but that situation is not presented here. In the instant case, the counterclaim was not filed within six months. It was filed some eight months after letters of administration were granted. ARCP 13 (c) was not intended to excuse noncompliance with the nonclaim statute. Rule 13 (c) was drawn to ". . . harmonize with Title 7, § 355, Code of Ala." Committee Comments. That statute, now codified as § 6-8-84, Code of Alabama 1975, reads:
 "When the defendant pleads a counterclaim to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his counterclaim, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action."
Many years ago, this court held that nonclaim did not fall within the healing provisions of the relation back statute, a predecessor to Title 7, § 355, Code of Alabama Recompiled. 1958, which was § 2682, Code of 1886.
In Patrick v. Petty, 83 Ala. 420, 423, 3 So. 779 (1887), this court held:
 ". . . This statute, however, is confined to the statute of limitation[s] in its express terms, and can not be extended further. Non-claim does not fall within its healing provisions. . . ." *Page 22 
Because Rule 13 (c), ARCP, is only a restatement of the statute, nonclaim does not fall within its "healing provisions."
The purpose of the statute of nonclaim, originally enacted in 1815, Clay's Digest 195, § 17, is to ". . . promote a speedy, safe, and definitive settlement of estates, by giving the personal representative notice and knowledge of all claims against the estate in his hands." Smith v. Fellows, Adm'r,58 Ala. 467, 471 (1877). It was described by Chief Justice Brickell in Fretwell v. McLemore, 52 Ala. 124, 144, 147 (1875), as follows:
 ". . . The whole theory of the statute is to create a defence broader in its operation than the statute of limitations, not only barring remedies, but extinguishing debts and liabilities. . . .
". . .
 ". . . one of the most important statutes to be found in our statute book, — a statute founded on the wisest public policy, affording protection to the living and the dead; a statute, which gives repose to society, quiets litigation, removes temptations to fraud and perjury, secures titles, and preserves domestic peace. . . . ."
We hold that "all claims against the estate of the decedent" as used in the nonclaim statute includes counterclaims as well as original claims brought against the estate.
The judgment appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.