HOLMES, Judge.
The defendant city appeals a jury verdict assessing compensatory damages against the City of Huntsville at $5,000.
The plaintiff was arrested for disorderly conduct and booked at the Huntsville jail. The following day plaintiff had injuries to his eye and nose area which were photographed. Plaintiff attributed his injuries to his treatment by the jailer on duty that night.
Within six months of the incident, plaintiff filed suit against the jailer and the City of Huntsville.
Plaintiff's amended complaint included three counts, one against the defendant jailer for assault and battery, one against the City for the negligence of the jailer in the performance of his duties as an agent of the City, and the final count, against the City charging it with negligence in the hiring and supervising of its employee, the jailer.
A jury found in favor of the plaintiff and assessed compensatory damages against the jailer in the amount of $250, and assessed damages against the City at $5,000. Following the denial of a motion for a new trial, defendant City appeals, and we affirm. No challenge is made concerning the verdict against the jailer.
On appeal, defendant City through able counsel contends the failure of plaintiff to allege in his complaint that he complied with Ala.Code § 11-47-192 (1975) is fatal to plaintiffs action. Defendant City in brief contends it raised this issue via its motion to dismiss for failure of the plaintiff to state a claim upon which relief could be granted.
However, neither the motion to dismiss nor the amended motion to dismiss raises the issue of compliance with § 11-47-192, which provides that:
“No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.”
We are aware of Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978), cited to us by the City for the proposition that noncompliance with § 11-47-192 may be asserted by pre-answer motion. In Browning, however, this issue was “properly” raised in the motion. In the instant case there was nothing in the motion to dismiss which would apprise the trial court of the alleged noncompliance, and hence this issue was not “properly” raised by the motion to dismiss. The motion to dismiss of the City pertinently simply states as follows: “To dismiss the action because the complaint fails to state a claim ... upon which relief can be granted.” Matters outside pleadings should never be considered in deciding whether to grant a motion to dismiss for failure to state a claim. Hales v. First National Bank of Mobile, 380 So.2d 797 (Ala.1980).
Furthermore, we note that noncompliance with § 11-47-192 is a defense and in absence of raising of such defense, recovery against the municipality is not precluded. Fricke v. City of Guntersville, 257 Ala. 442, 59 So.2d 590 (1952). Nothing in the answer or any of the defendant’s pleadings properly raised noncompliance with the statute as a defense. It is therefore not an issue before this court as we will not consider issues raised for the first time on appeal. Lee Associates, Inc. v. Specialty Construction Co., Inc., 341 So.2d 150 (Ala.Civ.App.1976).
Even though we are not deciding on the merits of the § 11-47-192 issue, we feel compelled to point out what appears to be a conflict in the Alabama Supreme Court cases on the matter. On the one hand, we have a case citing to proper authority which holds: “If a suit on a claim against a city is commenced within the six-month pe *71 riod prescribed in [§ 11-47-23],[1] it is a sufficient presentation of the claim under the statute.” Browning v. City of Gadsden, supra, at 364.
On the other hand, we have a case citing to proper authority which holds: “[T]he filing of suit within the six-month period following the incident made the basis of the action does not constitute a compliance with the notice provisions of the statute.” Eason v. City of Huntsville, 347 So.2d 1321 (Ala.1977). We are unable to discern any reason from the cases to explain this apparent conflict.
Defendant’s second contention on appeal is that the verdict as to damages was inconsistent and improper for two interrelated reasons. Defendant contends the damage award was improperly apportioned between the jailer and the City, which defendant characterizes as joint tort-feasors. Secondly, the City contends the jury cannot assess damages against a municipality greater than assessed against the agent/employee who committed the tort. Both of these contentions assume the existence of one tort resulting from the joint negligence of the City and the jailer. This is not the fact situation at hand. As made clear by the trial court’s pre-trial order and plaintiff’s final amended complaint, the City is charged with the commission of two torts— that is being “negligent in and about employing and supervising” the jailer and for the City’s liability for the negligence of the jailer committed in the performance of his duties as an agent or employee of the City.
Count three of the plaintiff’s complaint charging the City for its negligent ■supervision of the jailer sets out a tort claim which does not rest upon the action of the jailer. While defendant’s statement of law that damages may not be apportioned between joint tort-feasors is true, the City and the jailer are not joint tort-fea-sors as to count three. The term joint tort-feasor envisions the commission of one tort with the joint tort-feasors being jointly responsible for the one wrong. See Clabaugh v. Southern Wholesale Grocers Ass’n, 181 F. 706 (5th Cir.Ala.1910); Adler v. Pruitt, 169 Ala. 213, 53 So. 315 (1910). The tort encompassed in count three was committed by other unnamed agents/employees of the City in that the proper officials were negligent in the hiring, lack of training and lack of supervision of the jailer. Their tort, established by competent evidence at trial, goes beyond the actual assault of the plaintiff in that City officials had received other complaints concerning this jailer and had not acted. We see no reason why, where as here, defendants joined at trial who are not joint tort-feasors as to all claims may not be assessed different amounts of damages.
The second component of the defendant’s argument is that the jury cannot assess compensatory damages against the master in greater amount than assessed against the agent committing the tort. The fatal flaw in this contention is that the City was not sued solely for the actions of the agent/jailer. While true, as defendant points out, the City of Huntsville cannot act but through its agents, the individual unnamed agents responsible for the count three tort were those officials who hired the jailer, and neglected to train or supervise him. Where liability of the master may be rested on account of the negligence of employees other than the employee who was made a defendant, a verdict against the master, but exonerating the employee who was made a defendant, is not inconsistent. Atlantic Coast Line Railroad Co. v. Kines, 276 Ala. 253,160 So.2d 869 (1964). With that principle in mind, we find no error in the jury’s assessment of greater damages against the City than against the jailer because the liability of the City as to count three was based on the negligence of employees other than the jailer.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.

. A six-month statute of limitations is read into § 11-47-192 by § 11-47-23. Howell v. City of Dothan, 234 Ala. 158, 174 So. 624 (1937).