Charles W. Davis, respondent, arrested for disorderly conduct and booked in the *Page 73 
Huntsville jail, suffered injuries to his eye and nose area. Respondent sued the jailer and petitioner, the City of Huntsville. Respondent's amended complaint included three counts: one against the defendant jailer for assault and battery, one against the City for negligence of the jailer in the performance of his duties as an agent of the City, and a final count against the City charging it with negligence in the hiring and supervising of its employee, the jailer. A jury found in favor of respondent and assessed compensatory damages against the jailer in the amount of $250, and against the City in the amount of $5,000.
Two issues are raised by the petitioner. First, did the Court of Civil Appeals err by failing to observe the purported distinctions made by this Court between claims filed under Code 1975, § 11-47-23, and those filed under Code 1975, § 11-47-192, in that as to the former, suit itself is sufficient notice, and as to the latter, actual sworn notice to the city must be alleged in the complaint? Second, was the trial judgment flawed because the jury assessed greater compensatory damages against the City than against the jailer?
The first issue was not preserved for review. Non-compliance with § 11-47-192 is a defense, and if it is not raised, recovery is not barred. Fricke v. City of Guntersville,257 Ala. 442, 59 So.2d 590 (1952). Petitioner contends it raised the issue in its motion to dismiss for failure to state a claim; however, petitioner's motion to dismiss does not even hint at the alleged non-compliance with § 11-47-192. InBrowning v. City of Gadsden, 359 So.2d 361 (Ala. 1978), we held that this defense could properly be raised in a pre-answer motion. In Browning, however, the motion specifically raised the defense; in this case, the City of Huntsville's motion did not make a specific reference to the plaintiff's non-compliance with § 11-47-192. The mere filing of a Rule 12 (b)(6), A.R.Civ.P., motion without specific reasons does not preserve all possible defenses for appeal purposes. Because this issue was not properly raised, we are not required to consider the alleged conflict in the statutes.
Despite our determination that it is not necessary to resolve the first issue on the merits, we wish to clear up any ambiguity. The Court of Civil Appeals pointed out in its opinion the following:
 "[W]e feel compelled to point out what appears to be a conflict in the Alabama Supreme Court cases on the matter. On the one hand, we have a case citing to proper authority which holds: `If a suit on a claim against a city is commenced within the six-month period prescribed in [§ 11-47-23], it is a sufficient presentation of the claim under the statute.' Browning v. City of Gadsden, supra, at 364.
 "On the other hand, we have a case citing proper authority which holds: `[T]he filing of suit within the six-month period following the incident made the basis of the action does not constitute a compliance with the notice provisions of the statute.' Eason v. City of Huntsville, 347 So.2d 1321 (Ala. 1977). We are unable to discern any reason from the cases to explain this apparent conflict."
Section 11-47-23 governs tort claims against municipalities and requires that the claim be filed within six months of accrual. In Browning, we held that the filing of a suit within the six-month period was sufficient presentment under § 11-47-23. 359 So.2d at 364. Section 11-47-192, governing personal injury claims against municipalities, a subset of torts, requires a substantial statement of "the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed." In Eason v. City ofHuntsville, 347 So.2d 1321 (Ala. 1977), we held that the mere filing of a lawsuit does not necessarily "comply with the requirements of this statutory provision." The complaint filed in Eason failed to satisfy the substantial notice requirements of § 11-47-192. However, if a sworn complaint filed within six months does provide the information required under § 11-47-192, then the suit itself satisfies *Page 74 
the notice requirements of both § 11-47-23 and § 11-47-192.
The second issue is meritorious. Count three charges the City with negligence in hiring and supervising the jailer. In a technical sense, the City and the jailer are not joint tortfeasors with regard to count three, because only the City acted negligently in hiring and supervising. This legalistic distinction is unavailing. When one unapportionable result flows from two arguably distinct causes, the jury is not permitted to allocate the damages. See City of Tuscaloosa v.Fair, 232 Ala. 129, 135, 167 So. 276, 280 (1936). See generallyKershaw Mining Co. v. Lankford, 213 Ala. 630, 631, 105 So. 896,897 (1925). This is true regardless of whether the tortfeasors act independently or in concert. See Butler v. Olshan, 280 Ala. 181,192, 191 So.2d 7, 17 (1966). Professor Prosser explains:
 "Certain results, by their very nature, are obviously incapable of any logical, reasonable, or practical division. Death is such a result, and so is a broken leg or any single wound, the destruction of a house by fire, or the sinking of a barge. No ingenuity can suggest anything more than a purely arbitrary apportionment of such harm. Where two or more causes combine to produce such a single result, incapable of any logical division, each may be a substantial factor in bringing about the loss, and if so, each must be charged with all of it. Here again the typical case is that of two vehicles which collide and injure a third person. The duties which are owed to the plaintiff by the defendants are separate, and may not be identical in character or scope, but entire liability rests upon the obvious fact that each has contributed to the single result, and that no rational division can be made.
 "Such entire liability is imposed . . . where two or more of the causes are culpable."
W. Prosser, The Law of Torts, § 52 at 315-16 (4th ed. 1971). Because this case involves one unapportionable set of injuries, the trial court erred in allowing the jury to attempt to apportion damages. On this ground, we reverse the judgment of the Court of Civil Appeals, which had affirmed the trial court judgment.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.