This is an appeal from a summary judgment in a wrongful death case against the City of Mobile granted on the ground that the complaint, although filed within six months, failed to comply substantially with the claims statutes. We reverse and remand.
On April 13, 1980, eight-year-old Angela Diemert fell into a flooded drainage ditch in Mobile, was swept by the current into a large culvert, and drowned.
On July 25, 1980, Angela's father, Howard Diemert, filed a complaint on Angela's behalf against the City of Mobile, and others, seeking damages for her wrongful death. Subsequently, the City moved for summary judgment, claiming that Diemert had failed to comply with the pertinent notice statutes, Code 1975, §§ 11-47-23 and 11-47-192, which provide as follows:
 "11-47-23. Limitation periods for presentation of claims against municipalities.
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
 "11-47-192. Filing of statement as to manner of injury, damages claimed, etc.
 "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place *Page 665 
where the accident occurred and the damages claimed."
The motion was denied.
The City then filed a motion to reconsider the denial of the summary judgment motion. The City cited to the trial court this Court's decision in Ex parte City of Huntsville, 456 So.2d 72
(Ala. 1984), and argued that the holding therein mandated that its motion for summary judgment be granted. The trial court agreed, granted the City's motion to reconsider and, in turn, also granted its motion for summary judgment. The trial court's order provided, in pertinent part, as follows:
 "Plaintiff has failed to comply with the statutory notice requirements of §§ 11-47-192 and 11-47-23, and even though the Court finds the result to be harsh and oppressive, the Court is bound to follow the laws of the State of Alabama, including, specifically, the recent case from the Alabama Supreme Court being styled [Ex parte City of Huntsville]."
Diemert appeals, contending that the trial court erred in granting the City's motion. He argues that, even though he did not strictly comply with §§ 11-47-23 and 11-47-192 by filing a claim with the City, his complaint substantially complied with both, as required by Ex parte City of Huntsville. The City, on the other hand, argues that Diemert's complaint did not substantially comply with the statutes because: (1) it was not a sworn complaint and, (2) it incorrectly stated the date of Angela's death as May 13, 1980, rather than April 13, 1980.
As both Diemert and the City correctly state, in Ex parteCity of Huntsville this Court held that where a plaintiff sustains a personal injury and wishes to bring suit against a municipality as a result thereof, if the plaintiff files a "sworn complaint" against the municipality within six months, as required by § 11-47-23, and that complaint provides the information required by § 11-47-192, "the manner in which the injury was received, the day and time and place where the accident occurred and the damages claimed," the complaint satisfies both §§ 11-47-23 and 11-47-192.
The city argues that the language of Ex parte City ofHuntsville should be read literally to mean that, unless a complaint is sworn to and unless it states the exact date on which the injury occurred, it is insufficient to satisfy the statutes. To hold otherwise, the city contends, would defeat the purpose of the statutes, which is to give the city notice that a tort claim is being brought against it, enabling it to investigate, determine the merits of the claim, and, if necessary, adjust it without litigation. City of Anniston v.Rosser, 275 Ala. 659, 158 So.2d 99 (1963).
We do not believe that Ex parte City of Huntsville should be read literally. In fact, we take this opportunity to further explain the rule of law which is applicable in these cases, because the cases are confusing. In City of Huntsville v.Davis, 456 So.2d 69 (Ala.Civ.App. 1983), the Court of Civil Appeals noted the confusion in our cases, as follows:
 "[W]e feel compelled to point out what appears to be a conflict in the Alabama Supreme Court cases on the matter. On the one hand, we have a case citing to proper authority which holds: `If a suit on a claim against a city is commenced within the six-month period prescribed in [§ 11-47-23], it is a sufficient presentation of the claim under the statute.' Browning v. City of Gadsden, [359 So.2d 361
(Ala. 1978)] at 364.
 "On the other hand, we have a case citing proper authority which holds: `[T]he filing of suit within the six-month period following the incident made the basis of the action does not constitute a compliance with the notice provisions of the statute.' Eason v. City of Huntsville, 347 So.2d 1321 (Ala. 1977). We are unable to discern any reason from the cases to explain this apparent conflict."
In Ex parte City of Huntsville, this Court, in dicta, attempted to clear up this confusion, but unfortunately failed to do so. *Page 666 
For example, in Ex parte City of Huntsville, this Court attempted to reconcile the cases and stated the following:
 "In Eason v. City of Huntsville, 347 So.2d 1321
(Ala. 1977), we held that the mere filing of a lawsuit does not necessarily `comply with the requirements of this statutory provision.' The complaint filed in Eason failed to satisfy the substantial notice requirements of § 11-47-192. However, if a sworn complaint filed within six months does provide the information required under § 11-47-192, then the suit itself satisfies the notice requirements of both § 11-47-23 and § 11-47-192."
The characterization of the holding in Eason is misstated. As the Court of Civil Appeals had pointed out in City ofHuntsville v. Davis, Eason squarely held that "the filing of suit within the six-month period following the incident made the basis of the action does not constitute a compliance with the notice provisions of the statute." (Emphasis added.)
The statement that the complaint should be "sworn to" first appeared in the dicta in Ex parte City of Hunstville.
We have examined the complaints filed in Eason and Ex parteCity of Huntsville and find that neither is "sworn to" and that they are substantially similar. We think the better rule is stated in Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978):
 "If a suit on a claim against a city is commenced within the six-month period prescribed in [§ 11-47-23], it is a sufficient presentation of the claim under the statute."
359 So.2d at 364 (Ala. 1978).
Consequently, we overrule Eason and Ex parte City ofHuntsville insofar as they are inconsistent with our holding in this case.
The word "sworn," Ex parte City of Huntsville, was apparently taken from § 11-47-192. In view of the fact that no civil complaint, other than stockholders' derivative actions filed pursuant to Rule 23.1, Ala.R.Civ.P., must be sworn to in Alabama, see generally, Rule 8, Ala.R.Civ.P., the requirement that a complaint must be "sworn to" would conflict withBrowning. Consequently, we hold that there is no need for a complaint to be sworn to in order to comply with §§ 11-47-23
and 11-47-192.
As to the issue of the incorrect date, the City points out that in City of Anniston, supra, quoting Benton v. City ofMontgomery, 200 Ala. 97, 75 So. 473 (1917), this Court held that the trial court erred by failing to give a charge that a claim filed in an attempt to comply with Code 1940, T. 37 § 504 (the predecessor of § 11-47-192), contained a "fatal variance" if it was proved that the injury from which the claim arose actually occurred on June 10, 1959, instead of June 11, 1959, as the claim alleged. Indeed, this was the holding of that case. However, it must be remembered that at the time City ofAnniston was written, strict compliance with the notice statutes was required. As Ex parte City of Huntsville and the cases upon which it relied show, strict compliance is no longer required. The rules of discovery in civil cases apply, and the City should not be heard to complain that such a relatively minor deficiency in Diemert's complaint as an incorrect date prevented it from acquiring knowledge of the pending action against it, which is the intended purpose of §§ 11-47-23 and11-47-192. We hold that Diemert's complaint substantially complied with both statutes.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur. *Page 667