ON APPLICATION FOR REHEARING
This Court's original opinion of September 28, 1990, is withdrawn, and the following opinion is substituted therefor.
Frazier was employed by the City of Mobile (the "City") from August 1951 until *Page 440 
his retirement on March 1, 1982. In September 1951, the Alabama Legislature adopted Act No. 773, Acts of Alabama 1951, which enabled the City to establish a retirement fund for its employees. Act No. 749, Acts of Alabama 1967, allowed the City's employees to participate in the State retirement system and provided several options concerning how their retirement would be paid. Frazier chose an option that involved the State's paying a portion of his benefits and the City's paying him a supplement to what the State paid. The two acts entitled Frazier to retirement benefits equal to 55% of his salary at the date of his retirement.
On January 22, 1982, Frazier notified the City of his intent to retire on March 1, 1982. In February 1982, Frazier received a letter from an accountant named W.F. Egan, who at that time was employed by the City's payroll and records department. That letter stated that he was entitled to $373.15 from the City each month in addition to whatever he received as a monthly retirement benefit from the State. Frazier retired on March 1, 1982. He began receiving his State benefits, but he was not eligible for the City's supplement until he was 60 years old. In April 1987, when Frazier became 60 years old, be began receiving the $373.15 from the City each month.
In September 1986, the City was notified by its accountants that its payments of supplemental retirement benefits were exceeding the funds allocated for those payments. The City reviewed its payment of supplemental retirement benefits under Acts No. 749 and 773 and discovered that it was overpaying some individuals for those benefits. In October 1987, the City's mayor sent a letter to Frazier informing him that the City had been overpaying him for his supplemental retirement benefits and that, during the next five years, his benefits would be reduced from $373.15 monthly to $114.88 monthly. On December 27, 1988, Frazier filed this action against the City, alleging mistaken or reckless misrepresentation, and the trial court entered a summary judgment for the City.
The City contends that Frazier's action is barred by the notice requirement of Ala. Code 1975, § 11-47-23. Section11-47-23 provides:
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
In Diemert v. City of Mobile, 474 So.2d 663 (Ala. 1985), we held that § 11-47-23 addresses tort claims against municipalities and requires that the claim be filed within six months of its accrual. Although the filing of an action within the six-month period would be sufficient presentment of the claim to comply with that provision, Diemert, at 666, some presentment of the claim within six months of its accrual is mandatory. Ivory v. Fitzpatrick, 445 So.2d 262 (Ala. 1984).
Frazier did not file his action or otherwise give notice of his claim within six months of its accrual. The action is barred, accordingly. § 11-47-23; Large v. City of Birmingham,547 So.2d 457 (Ala. 1989); Diemert, supra; Ivory, supra.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.