On August 26, 1988, while Connie Hill was operating her motor vehicle in the City of Huntsville (the "City"), she lost control of the vehicle, was thrown from it, and was injured. On June 21, 1989, she presented notice to the City of a tort claim against it in relation to that accident. On December 12, 1989, Connie Hill filed an action against the City, alleging that the City had negligently maintained the road at the location of the accident and that its negligence had caused the accident and her resulting injuries. Connie's husband, James, joined the action as a plaintiff, claiming loss of consortium. The City moved for summary judgment and argued that the Hills had not complied with Ala. Code 1975, §§ 11-47-23 and -192, relating to claims against municipalities. The trial court entered summary judgment for the City, and the Hills appeal.
Section 11-47-23 provides that, against municipalities, "[c]laims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." (Emphasis added.) Section 11-47-192 provides that the injured party should give notice of his injury by filing with the city clerk a sworn statement detailing the accident.
Some presentation of the claim within six months of its accrual is mandatory. Frazier v. City of Mobile, 577 So.2d 439
(Ala. 1991). A cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon. Buck v. City of Rainsville, 572 So.2d 419 (Ala. 1990). In Diemert v. City of Mobile, 474 So.2d 663 (Ala. 1985), we held that the filing of an action within the six-month period was sufficient presentment of the claim to comply with §§11-47-23 and -192, Diemert, at 666. It is undisputed *Page 877 
that the Hills did not give notice of their claim to the City or file their action within six months of the date of the accident.
The Hills argue that the cause of action did not accrue on the date of the accident, because, as a result of the accident, Connie was physically and mentally incapable of handling her own affairs until June 1989, and the cause of action could not have accrued until that time. The Hills do not argue that Connie's physical and mental incapacity justify the waiver of the notification provisions of § 11-47-23, to enable Connie to bring the action, although she did not comply with the six-month notice requirement of § 11-47-23. No doubt, the record indicates that Connie was to some extent physically and mentally incapacitated until June 1989. Under the record in this case and pursuant to the arguments the parties have presented in this case, however, the Hills did not prove that Connie's physical and mental incapacity was so severe as to prevent the cause of action from accruing because she was not entitled to maintain it; accordingly, the Hills' argument that the action did not accrue until June 1989 fails. We emphasize that the Hills did not present an argument concerning waiver of the notice requirement of § 11-47-23.
The Hills did not file their action or otherwise give notice of their claims within six months of the accrual of those claims, and accordingly, the action is barred. §§ 11-47-23 and -192; Frazier, at 440; Large v. City of Birmingham,547 So.2d 457 (Ala. 1989).
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.