613 So.2d 1222 (1992)
CITY OF BIRMINGHAM
v.
Carla DAVIS, et al.
1911140.
Supreme Court of Alabama.
November 6, 1992.
As Modified on Denial of Rehearing February 19, 1993.
*1223 Lisa Huggins, Birmingham, for appellant.
Alicia K. Haynes and Elizabeth R. Jones of Haynes & Associates, Birmingham, for appellee.
Joseph Kettler, Montgomery, for amicus curiae Alabama League of Municipalities.
INGRAM, Justice.
With permission of this Court, granted in accordance with Ala.R.App.P. 5, the City of Birmingham appeals from a denial of its motion for a summary judgment.
Carla Davis, LaStarshia DeShaunta Davis, Calandra V. Davis, and Norma Jean Davis (hereinafter "the Davises") sued Ruben Deon Johnson and his mother, Rose Plump, for injuries allegedly suffered in a two-car accident. Carla Davis was driving one automobile and the remaining Davises were passengers; Johnson was driving the other automobile, which was owned by Plump. The accident occurred on September 30, 1989, within the City of Birmingham (hereinafter "the City").
The Davises filed their complaint on January 17, 1990. The complaint also listed various fictitiously named defendants, including one described as follows: "Defendant # 10, that person or entity who controlled or maintained the roadway and roadway signs where the accident was caused to take place." On April 10, 1990, the Davises amended their complaint to substitute the City for "Defendant # 10."
The City moved for a summary judgment on the grounds that the Davises had not filed a notice of claim with the City as required under § 11-47-23 and § 11-47-192, Ala.Code 1975. The trial court denied the motion for summary judgment, and this Court granted the City permission to appeal under Ala.R.App.P. 5.
The Davises failed to file a notice of claim with the city clerk of Birmingham or to substitute the City for fictitiously named defendant number 10 within the six-month period prescribed by law. However, the Davises argue that the City's substitution of a named defendant for a fictitiously named defendant properly sued relates back to the date the complaint was originally filed. The issue on appeal is whether the bar of the municipal notice statute can be avoided by substitution under Ala. R.Civ.P. 9(h) and relation back under Ala. R.Civ.P. 15(c).
Section 11-47-23 provides, "Claims [against a municipality] for damages growing out of torts shall be presented within *1224 six months from the accrual thereof or shall be barred." The Court has held:
"Some presentation of the claim within six months of its accrual is mandatory. Frazier v. City of Mobile, 577 So.2d 439 (Ala.1991). A cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon. Buck v. City of Rainsville, 572 So.2d 419 (Ala.1990). In Diemert v. City of Mobile, 474 So.2d 663 (Ala.1985), we held that the filing of an action within the six-month period was sufficient presentment of the claim to comply with §§ 11-47-23 and -192, Diemert, at 666."
Hill v. City of Huntsville, 590 So.2d 876, 876 (Ala.1991).
Further, this Court has stated that the notice-of-claim statute is not a statute of limitations, but rather is a statute of nonclaim similar to the probate nonclaim statute. See Ivory v. Fitzpatrick, 445 So.2d 262, 264 (Ala.1984) (citing Taylor v. City of Clanton, 245 Ala. 671, 18 So.2d 369 (1944); City of Huntsville v. Goodenrath, 13 Ala.App. 579, 68 So. 676, cert. denied sub nom. Ex parte Gudenrath, 194 Ala. 568, 69 So. 629 (1915)). In construing the probate nonclaim statute, this Court has held that "nonclaim [does] not fall within the healing provisions of the relation back statute." Motley v. Battle, 368 So.2d 20, 21 (Ala.1979). This Court stated that the "healing provisions" of Ala.R.Civ.P. 13, allowing relation back of counterclaims, are "`confined to the statute of limitation[s] in its express terms, and can not be extended further,'" and that "`[n]on-claim does not fall within its healing provisions....'" Id. (quoting Patrick v. Petty, 83 Ala. 420, 423, 3 So. 779, 780 (1888)). Similarly, relation back under Rule 15(c) was not allowed to ameliorate the effects of the probate nonclaim statute because nothing in the original complaint would put the estate on notice of the additional claim. Lett v. Watts, 463 So.2d 138, 142 (Ala.1985). Clearly, the concept of relation back cannot be used to ameliorate the complete bar of the probate nonclaim statute occasioned by the failure to provide notice of the claim to the estate within the six-month claim period.
We note that the plaintiffs rely on Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978), for the proposition that substitution of a municipality for a fictitiously named party has been allowed to relate back to the time of the original filing for purposes of the notice-of-claim statute. In Browning, this Court held "that the amendment [substituting the City of Gadsden for a fictitiously named party] related back to the filing of the original complaint under Rule 15(c) and that suit was brought against the City within six months of the accrual of Browning's cause of action." 359 So.2d at 364. However, in Motley, supra, which was decided just one year later, this Court held that the probate "nonclaim [statute] did not fall within the healing provisions of the relation back statute." Motley, 368 So.2d at 21.
In Motley, this Court expressly stated that the nonclaim statute did not fall within the "healing provisions" of A.R.Civ.P. 13, allowing relation back of counterclaims, which provisions this Court held were "confined to the statute of limitations[s] in its express terms, and [could not] be extended further." 368 So.2d at 21 (quoting Patrick v. Petty.) Therefore, because the municipal notice-of-claim statute is also a "nonclaim" statute, the effect of the procedural "healing provisions" is to be similarly applied.
We now hold that "relation back" and other procedural rules designed to "heal" violations of the statute of limitations cannot "heal" violations of the municipal notice-of-claim statute, and we expressly overrule Browning to the extent it conflicts with this opinion. The Davises' claims are barred because the City of Birmingham was not given notice within six months of the accrual of those claims. The substitution, outside of the six-month notice period, of a municipality for a fictitiously named party properly sued is not a sufficient presentation of the claim to the municipality to avoid the bar of § 11-47-23. The trial court's order denying the City's motion for summary judgment is reversed and the cause is remanded to the trial court for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ., concur.

*1225 ON APPLICATION FOR REHEARING
INGRAM, Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
HORNSBY, C.J., and ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially in the denial of rehearing).
In regard to the plaintiffs' equal protection argument, I note that there is no equal protection clause in the Constitution of Alabama of 1901. The equal protection clause in the Constitution of 1875 was deleted from the Constitution of 1901. This was deliberately done. See Official Proceedings of the Constitutional Convention of 1901, pp. 1622-34, pp. 1639-44, pp. 2254-60. The equal protection applicable to persons within the State of Alabama is not guaranteed by any section or combination of sections of the Constitution of Alabama, but is guaranteed by the 14th Amendment of the United States Constitution. See Moore v. Mobile Infirmary Ass'n, 592 So.2d 156, 174-78 (Ala.1991) (Houston, J., concurring in the result).