SHAW, Justice
(concurring specially).
I concur to grant the petition and issue the writ.
Citing the authority relied upon by the main opinion, the petitioners contend that the wrongful-death action was not commenced because Carolyn Chatman, who filed the complaint in the action, was not the personal representative of the estate of Louis Chatman. I agree. See Alvarado v. Estate of Kidd, 205 So.3d 1188, 1192-97 (Ala.2016) (Bolin, J., concurring specially). See also Wood v. Wayman, 47 So.3d 1212, 1213 (Ala.2010); Waters v. Hipp, 600 So.2d 981, 982 (Ala.1992); and Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979).
The respondent cites Ex parte Tyson Foods, Inc., 146 So.3d 1041 (Ala.2013), for the proposition that Carolyn merely lacked capacity to commence the action and, therefore, that the substitution of the personal representative of Louis’s estate as the plaintiff “relates back” to the filing date of the complaint. Tyson dealt with whether the proper person had commenced a wrongful-death action under the additional strictures found in the Workers’ Compensation Act, AIa.Code 1975, § 25-5-1 et seq. In that case, the personal representative filed the complaint, which would properly commence the action under Ala.Code 1975, § 6-5-410, the wrongful-death statute. However, Ala.Code 1975, § 25-5-11, a part of the Workers’ Compensation Act, requires that a “dependent ” file the complaint; the personal representative in that case was not a dependent. A dependent was not substituted as a plaintiff until after the two-year “nonclaim bar to recovery” in the wrongful-death statute had expired. See Ogle v. Gordon, 706 So.2d 707, 708 (Ala.1997) (noting that “this Court has held that the wrongful death statute, which provides a two-year limitations period, is a statute of creation, otherwise known as a nonclaim bar to recovery, and that it is not subject to tolling provisions”).
The issues in Tyson were whether the personal representative simply lacked capacity under the Workers’ Compensation Act and whether a dependent could be substituted as the proper plaintiff and, if so, whether the substitution would “relate back” to the date the complaint was filed. Nevertheless, the action had been properly commenced for purposes of the wrongful-death statute.
In the instant case, unlike in Tyson, the action was not commenced by the personal representative and the filing requirements of the Workers’ Compensation Act are not at issue. Because the action was not properly commenced, the doctrine of relation back does not apply. Downtown Nursing Home, Inc. v. Pool, 375 So.2d at 466. See *1215 also Alvarado v. Estate of Kidd, 205 So.3d at 1188 (refusing to apply the relation-back doctrine in a wrongful-death action). Cf. City of Birmingham v. Davis, 613 So.2d 1222, 1224 (Ala.1992) (holding generally “that ‘relation back’ and other procedural rules designed to ‘heal’ violations of the statute of limitations cannot ‘heal’ violations of’ a nonclaim bar to recovery). The rationale of Tyson is inapplicable; I therefore concur.