PER CURIAM.
Nellie Sanders sued National Memorial Gardens, Inc. (“National Memorial”), and Willie Scott, an agent for National Memorial, asserting claims of wrongful interference with, and delay of, burial; mistreatment of a burial place; negligence; wantonness; breach of contract; trespass; and the tort of outrage. The jury returned a verdict in favor of National Memorial and Scott, and the circuit court entered a judgment on that verdict. Sanders moved for a new trial, arguing that the circuit court had erroneously instructed the jury that it could return a verdict in her favor only if she “prove[d] each and every element of [her] complaint.” The circuit court denied the motion. Because we hold that the error in the circuit court’s instruction entitles Sanders to a new trial, we reverse and remand.
I.
Sanders bought several plots at Pine Hill Cemetery (the “cemetery”), which was owned by National Memorial. Sanders’s father died in February 1994, and Sanders paid National Memorial and Scott to prepare her father’s grave in a plot she owned at the cemetery. National Memorial failed, however, to remove water from the grave in time for the burial, and, as a result, the burial was delayed for several days. By the time National Memorial finished removing the water, several out-of-state family members had returned home and were unable to attend the burial service.
After National Memorial opened the grave, but before the burial of Sanders’s father, Sanders noticed a vault or casket in an adjacent plot, a plot that was owned by Sanders and which should have been empty. Three months later, Sanders’s son was killed in an accident; he was buried in that adjacent plot. According to Sanders, National Memorial did not know, and could not tell from its records, which body was buried in which plot at the cemetery. Sanders alleges that one or more of her relatives may not have been buried in the proper plot or plots or may not have been buried in any of the plots she had purchased. Sanders also asserts that National Memorial may have moved one or more bodies to bury her relatives and that National Memorial had initially placed the wrong headstones on the graves of her father and her son.
In March 1995, Sanders sued National Memorial and Scott. The circuit court entered a judgment as a matter of law in favor of National Memorial on the tort-of-outrage claim and submitted the other claims to the jury. The jury returned a verdict in favor of National Memorial and Scott, and the circuit court entered a judgment on that verdict. Sanders filed a motion for a new trial, which the circuit court denied. Sanders appealed.
II.
Sanders argues that she is entitled to a new trial because, she says, the circuit court committed reversible error in its instruction to the jury. Specifically, Sanders claims that the circuit court committed reversible error by instructing the jury:
“The burden of proof in this case is[,] as in every ease[,] upon the plaintiff to prove each and every element of their [sic] complaint. That burden is called reasonable satisfaction.
“They’re required to satisfy you of every element of their complaint and *294 claim before they’re entitled to recover a judgment.”
“In this case you will have two verdict forms. One verdict form will say that basically if after a full and fair consideration of all of the evidence you are reasonably satisfied that the plaintiff has proven each and every element of their complaint, then the verdict form will be, ‘We, the jury find for the defendant and against the plaintiff.’ ”
(R. at 67, 88.) (Emphasis added.) Sanders argues that because her complaint contained several claims that were submitted to the jury, these two statements imply that Sanders had to prove all of her claims in order to recover at all. We agree.
“A party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for the granting of a new trial.” Nunn v. Whitworth, 545 So.2d 766, 767 (Ala.1989). “Reversal is warranted only when the error is considered to be prejudicial.” King v. W.A. Brown & Sons, Inc., 585 So.2d 10, 12 (Ala.1991). The circuit court submitted more than one of Sanders’s claims to the jury, and Sanders was entitled to recover if she succeeded on any one of her claims. Accordingly, Sanders was not required to “prove[] each and every element of [her] complaint” in order for the jury to return a verdict in her favor. Although there is no reversible error if the jury instruction as a whole correctly states the law, see Mason & Dixon Lines, Inc. v. Byrd, 601 So.2d 68, 73 (Ala.1992), nothing in the jury instruction in this case contradicts or clarifies the circuit court’s instruction that Sanders must prove “every element of [her] complaint” in order to prevail.
III.
The circuit court erroneously instructed the jury that it could return a verdict in favor of Sanders only if she “proved each and every element of [her] complaint.” That error prejudiced Sanders and entitled her to a new trial. Accordingly, we reverse the circuit court’s judgment and .remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.