*411
On Application for Rehearing in Case No. 1110505

MOORE, Chief Justice.
The opinion of September 27, 2013, is withdrawn, and the following is substituted therefor.
Deidre W. Lee and Samuel G. McKerall, plaintiffs in the underlying action, appeal a summary judgment entered in favor of Charles Houser and Robert C. Hoik, defendants in the underlying action in the Baldwin Circuit Court (case no. 1110105). The Town of Magnolia Springs and the Magnolia Springs Planning Commission, the remaining defendants in the underlying action, appeal a judgment entered on a jury award of $735,000 to Lee and $300,000 to McKerall (case no. 1110505). For the reasons stated herein, we reverse the judgment entered on the jury award in favor of McKerall and affirm the remaining portion of that judgment, as well as the summary judgment entered in favor of Houser and Hoik.

I. Facts

In 2005, Lee purchased 47 acres of property in Baldwin County with a down payment of $309,000 and secured owner financing for the balance of $328,000. On December 19, 2006, she submitted to the Baldwin County Planning Commission an application for preliminary subdivision-plat approval detailing a 124-lot residential subdivision. Lee spent over $50,000 preparing the subdivision for plat approval, including a $10,100 application fee to Baldwin County. McKerall, Lee’s law partner at the time, was listed on the application as an agent for the developer. Lee and McKerall had developed other projects together. McKerall had development experience in Baldwin County.
The Town of Magnolia Springs incorporated in June 2006, six months before Lee submitted her plat application to the Baldwin County Planning Commission. The first mayor and council for the Town of Magnolia Springs were sworn in 13 days before Lee submitted her application to the Baldwin County Planning Commission.
The Baldwin County Planning Commission and the Town of Magnolia Springs are separate entities. When Lee submitted her application, the Town of Magnolia Springs had no jurisdiction over Lee’s property, and only the Baldwin County Planning Commission had the authority to consider Lee’s application because her property was outside the town limits.
On January 23, 2007, roughly one month after Lee filed her application, the new mayor of Magnolia Springs, Charles Houser, and a new councilman, Robert C. Hoik, informed the Baldwin County Planning Commission that the Town of Magnolia Springs would seek extraterritorial planning jurisdiction extending a mile and a half beyond the limits of the Town of Magnolia Springs. Magnolia Springs did not yet have regulations regarding applications for preliminary subdivision-plat approval.
Lee’s plat application was on the agenda for the February 15, 2007, Baldwin County Planning Commission meeting. On that day, a Baldwin County engineer recommended that the Baldwin County Planning Commission approve Lee’s plat application because it was not deficient in any respects. The Baldwin County Planning Commission had a long-standing practice of approving such applications if they were not deficient. Nevertheless, the Baldwin County Planning Commission tabled Lee’s application. Roughly a week later, the Town of Magnolia Springs established its planning commission.
On February 27, 2007, Mayor Houser informed the Baldwin County Planning Commission that the jurisdiction of Mag *412 nolia Springs would extend to include Lee’s property and that Magnolia Springs intended to pass a moratorium on subdivision approvals because “a couple of [the town’s] council members ... have been involved in ... trying to get [Lee’s plat application] delayed.” He also acknowledged that Magnolia Springs had “no rules and regulations” regarding applications for preliminary subdivision-plat approvals.
On March 1, 2007, the Town of Magnolia Springs’ planning commission held its first meeting, at which it adopted a moratorium on subdivisions. On March 12, 2007, the Town of Magnolia Springs and the Baldwin County Planning Commission reached an agreement whereby the Town of Magnolia Springs would have extraterritorial planning jurisdiction extending to include Lee’s property. On March 28, 2007, the Baldwin County Planning Commission informed McKerall that the Town of Magnolia Springs had planning jurisdiction over Lee’s property and that the Town of Magnolia Springs would make a decision regarding Lee’s application. The next day, when Lee delivered her application to the Town of Magnolia Springs, she learned, for the first time, about the subdivision moratorium.
At an April 5, 2007, meeting of the planning commission for Magnolia Springs, Lee objected to the “dormant” status of her application, but the planning commission did not consider her application. On May 3, 2007, the planning commission voted to extend the subdivision moratorium for another 90 days (i.e., until August 28, 2007). On August 23, 2007, the planning commission adopted subdivision regulations; it never approved Lee’s subdivision application.
Two days before the Town of Magnolia Springs finally adopted subdivision regulations, Lee filed the Mimosa Trace Condominium Declaration in the Probate Court of Baldwin County. Lee’s declaration sought to subdivide the property under condominium laws, which would not need the approval of a planning commission.

II. Procedural History

On August 21, 2007, Lee filed in the Baldwin Circuit Court a petition for a writ of mandamus; the petition was divided into two sections labeled “First Cause of Action” and “Second Cause of Action.” The “First Cause of Action” sought an order to direct Baldwin County to approve her application for a preliminary plat and to enjoin the Town of Magnolia Springs from exercising jurisdiction over the property or the plat application. Her “Second Cause of Action” sought damages against Baldwin County for lost profits, lost opportunity for the sale of the subdivided lots, and interest due, and sought costs and attorney fees and other damages for economic and emotional injury that might be applicable. Lee claimed that because Baldwin County and the Town of Magnolia Springs had prevented her from developing the subdivision, she could not pay her debt on the property. Moreover, she alleged that the Town of Magnolia Springs had thwarted the consummation of her agreement with Scott Raley, a developer, who would have funded all the infrastructure for the subdivision and assumed all the debt on the property if Baldwin County or the planning commission of Magnolia Springs had approved the application for a preliminary subdivision plat.
On March 28, 2008, Lee filed a first amended complaint adding the Town of Magnolia Springs’ planning commission, Mayor Houser, and Councilman Hoik as defendants. The amended complaint also added as defendants Baldwin County Commissioner Charles F. Gruber and Baldwin County Planning Commission members Jerry Knaebel, Jim Elliot, and Cara Stall-man (hereinafter Gruber and the Baldwin *413 County Planning Commission members are referred to as “the individual county defendants”). Lee’s amended complaint alleged fraud against the Baldwin County Planning Commission and asserted claims against Houser, Hoik, and the individual county defendants of tortious interference with Lee’s vested rights, tortious interference with Lee’s business prospects, and conspiracy to wrongly injure and deprive Lee of her legal rights.
On June 2, 2009, the Baldwin County Planning Commission moved to intervene, seeking a judgment that Lee’s proposed condominium development (not the subdivision that was the subject of the plat application) was illegal. On June 26, 2010, McKerall joined the case as an additional petitioner.
On January 24, 2011, the trial court entered a consent judgment as to Lee and McKerall and the Baldwin County Planning Commission and the individual county defendants. On February 18, 2011, the trial court allowed Lee and McKerall to amend their first amended complaint to add two causes of action against the Town of Magnolia Springs and its planning commission for negligent and wanton failure to consider or to approve Lee’s subdivision-plat application. On July 12, 2011, Houser and Hoik filed a motion for a summary judgment, which the trial court granted.
The trial between Lee and McKerall and the Town of Magnolia Springs and its planning commission began on September 14, 2011. At the close of Lee and McKe-rall’s case, the court granted a judgment as a matter of law for the Town of Magnolia Springs and its planning commission on Lee and McKerall’s wantonness claim but denied the motion as to the negligence claim. The case was submitted to the jury on the negligence claim.
After the close of all the evidence and after the jury instructions were given, the Town of Magnolia Springs and its planning commission objected to the jury instruction that Alabama law was not conclusive regarding a municipality’s authority to institute a general moratorium on plat applications and objected to the jury instruction that the Town of Magnolia Springs had a duty to administer the Baldwin County rules and regulations regarding subdivisions. The Town of Magnolia Springs and its planning commission also objected to the trial court’s refusal to instruct the jury regarding the definition for “injury to property” and the “last clear chance” doctrine.[1] On September 16, 2011, the jury awarded Lee $785,000 and McKerall $300,000. The trial court denied the post-judgment motions of the Town of Magnolia Springs and its planning commission.

III. Issues

Of the issues raised in case no. 1110505, we address the following:
1. Whether a municipal planning commission may adopt a moratorium on the approval of subdivisions.
2. Whether the trial court exceeded its discretion in charging the jury that Alabama law is silent as to whether a municipal planning commission may adopt such a moratorium on subdivision applications.
8. Whether the planning commission of the Town of Magnolia Springs was required to review a preliminary plat application when, at the time, the Town of Magnolia Springs and its planning commission had no provision in place for the approval or review of preliminary plat applications.
*414 4. Whether the Town of Magnolia Springs is entitled to immunity for its actions in establishing the moratorium on subdivision applications and for declining to receive any applications until it had adopted procedural and substantive subdivision regulations.
5. Whether a remittitur of the jury verdict is appropriate under § 11-47-190 and § 11-93-2, Ala.Code 1975, for the alleged diminution in the value of Lee’s property.
6. Whether McKerall timely filed a notice of claim.
7. Whether the consent judgment between Lee and McKerall and the Baldwin County Planning Commission and the individual county defendants relieves the Town of Magnolia Springs and its planning commission of liability.
8. Whether damages for lost profits on the possible sale of land, with no certain buyer or contract, are remote and speculative.
9. Whether Lee proved by substantial evidence that she was damaged as a proximate result of any alleged negligence of the defendants when § 11-52-32, Ala.Code 1975, provides that a subdivision application is automatically approved if no action is taken within 30 days after submission of the application.
10. Whether Lee failed to exhaust her administrative remedies.
11. Whether the Town of Magnolia Springs or its planning commission proved by substantial evidence that Lee is guilty of contributory negligence.
As to case no. 1110105, we affirm the summary judgment in favor of Houser and Hoik without discussing the issues raised on appeal.

IV. Analysis

In case number 1110505, the Town of Magnolia Springs and its planning commission appeal the judgment entered on the adverse jury verdict and challenge the denial of their motion for a judgment as a matter of law (“JML”). We review as follows a trial court’s ruling on a motion for a JML made after a verdict has been returned:
“The standard of review applicable to a ruling on a [renewed] motion for [a JML] is identical to the standard used by the trial court in granting or denying a motion for [a JML]. Thus, in reviewing the trial court’s ruling on the motion, we review the evidence in the light most favorable to the nonmovant, and we determine whether the party with the burden of proof has produced sufficient evidence to require a jury determination.
[[Image here]]
“... In ruling on a [renewed] motion for a [JML], the trial court is called upon to determine whether the evidence was sufficient to submit a question of fact to the jury; for the court to determine that it was, there must have been ‘substantial evidence’ before the jury to create a question of fact. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
American Nat’l Fire Ins. Co. v. Hughes, 624 So.2d 1362, 1366-67 (Ala.1993) (citations omitted). Moreover, ‘“[t]he jury’s verdict is presumed to be correct, and that presumption is strengthened by the trial court’s denial of the motion for a new trial.’” Williams v. Williams, 786 So.2d 477, 480 (Ala.2000) (quoting Friendly Credit Union v. Campbell, 579 So.2d 1288, 1291 (Ala.1991)). Finally, “[t]his Court will not reverse a judgment on a jury *415 verdict on a weight-of-the-evidence basis unless the evidence, when viewed in a light most favorable to the nonmovant, shows that the verdict was plainly and palpably wrong and unjust.” 786 So.2d at 480.

1. Whether a municipal planning commission may adopt a moratorium on the approval of subdivisions.

The Town of Magnolia Springs and its planning commission argue that the planning commission had the authority to institute a moratorium on subdivision-plat applications and therefore could not be liable for exercising lawful authority. Lee and McKerall argue that the issue whether the planning commission has the authority to institute such a moratorium is overly broad and distracts from the issue whether the Town of Magnolia Springs and its planning commission negligently sought extraterritorial jurisdiction as well as whether a municipality can exercise lawful authority toward unlawful ends.
The question for the jury was whether the Town of Magnolia Springs and its planning commission acted “negligently, neglectfully, carelessly or unskillfully” by failing to “properly consider or grant the Petitioner Lee’s application for preliminary plat approval.” Lee and McKerall do not challenge the planning commission’s authority to institute a moratorium; rather, they object to the way in which the Town of Magnolia Springs and its planning commission handled Lee’s plat application. Whether the planning commission had the authority to institute a moratorium on subdivision applications is a question of law that is not relevant to the factual issue whether the planning commission exercised its authority unlawfully. Therefore, even if the Town of Magnolia Springs and its planning commission are correct that the planning commission has the authority to institute such a moratorium, the evidence of tortious activity was sufficient to submit a question of fact to the jury.
Assuming, arguendo, that a municipal planning commission has the authority to institute moratoria on subdivision-plat applications and that we would treat this issue as a question of law subject to de novo review, we would conclude that a planning commission cannot exercise its authority to regulate subdivisions in a way that contravenes other laws. § 11-52-32(a), Ala.Code 1975 (“[T]he municipal planning commission shall approve or disapprove a plat within 30 days after the submission thereof to it; otherwise, the plat shall be deemed to have been approved, and a certificate to that effect shall be issued by the municipal planning commission on demand.... ”). See also Smith v. City of Mobile, 374 So.2d 305, 307 (Ala.l979)(holding that, “[sjince the Planning Commission’s power to regulate subdivisions is derived from [§ 11-52-32, Ala. Code 1975], it follows that it cannot use that power to further goals not designated by that statute”). In other words, even if a municipal planning commission has the authority to institute a moratorium on subdivision-plat applications, it may not use that authority, pursuant to § 11-52-32, without regard for the public welfare, to prevent the development of the private property of one individual. Id.
In Smith v. City of Mobile, this Court held that “[s]tatutes or ordinances which impose restrictions on the use of private property are strictly construed and their scope cannot be extended to include limitations [on private property] not therein included or prescribed.” 374 So.2d at 307 (citing E.C. Yokley, The Law of Subdivisions § 53 (1963 and Supp.1979)); see also Baltimore Planning Comm’n v. Victor Dev. Co., 261 Md. 387, 392, 275 A.2d 478, 481 (1971) (“Municipal agencies can exer *416 cise only so much of the police power as may be expressly granted or necessarily implied.... The power delegated to the Commission to formulate and publish rules and regulations is not a blank check; it cannot make ad hoc decisions which deny to a citizen the right to use his land lawfully.”).
It is undisputed that Lee purchased her property and prepared her plat application according to the rules and regulations of the Baldwin County Planning Commission that were in force at the time she filed her application, that the Town of Magnolia Springs sought extraterritorial jurisdiction over Lee’s property, that the Town of Magnolia Springs discussed its assertion of extraterritorial jurisdiction with the Baldwin County Planning Commission, that the Town of Magnolia Springs and its planning commission did not have any rules and regulations regarding plat applications at the time the Town of Magnolia Springs asserted extraterritorial jurisdiction, that the purpose of asserting extraterritorial jurisdiction was to restrict the development of Lee’s property, that the Town of Magnolia Springs instituted a moratorium on subdivision-plat applications because its planning commission lacked rules and regulations regarding such plat applications, that the moratorium delayed the development of Lee’s property, that Lee’s plat application comported with the plat-application rules and regulations of Baldwin County at the time the Town of Magnolia Springs asserted extraterritorial jurisdiction, and that Lee and McKerall were unable to develop Lee’s property as a result of the actions of the Town of Magnolia Springs. A town and its planning commission may not institute a moratorium, lawful or otherwise, solely to disregard their statutory duty (§ 11-52-32, Ala.Code 1975) to evaluate a particular plat application that has no apparent flaws without a reasonable “public welfare” explanation. See Mobile City Planning Comm’n v. Stanley, 775 So.2d 226 (Ala.Civ. App.2000) (holding that a municipal planning commission’s decision should not be invalidated unless it is clearly arbitrary and unreasonable and has no substantial relation to the public health, safety, morals, or general welfare of the community).
The Town of Magnolia Springs and its planning commission insist that the moratorium was necessary to allow time for the planning commission to adopt rules and policies before considering subdivision-plat applications. After all, they argue, a town and its planning commission cannot be expected to act without first having proper protocols and procedures in place. But this plain statement of one law ignores other laws, as well as important factual details that might have persuaded the jury that the Town of Magnolia Springs and its planning commission used § 11-52-82 as a sword for attacking Lee’s application, i.e., that the Town of Magnolia Springs and its planning commission exercised their allegedly authorized powers to place themselves in a position where the law would prohibit the planning commission from considering Lee’s pending application before Baldwin County. The holding of Smith v. City of Mobile indicates that a municipality cannot exceed the scope of its § 11-52-82 powers by extending its ability to place restrictions on private property. 374 So.2d at 307. Therefore, the Town of Magnolia Springs and its planning commission cannot exceed the scope of the powers granted them by § 11-52-32 by extending their ability to place restrictions on Lee’s property.
Pursuant to § 11-52^4, Ala.Code 1975, a municipal planning commission is required to adopt rules for the transaction of business and to maintain a record of its resolutions, transactions, findings, and determinations. The Town of Magnolia Springs’ planning commission, however, decided to *417 take on the responsibility of considering Lee’s plat application before the planning commission ever adopted such rules. The jury could have inferred that the Town of Magnolia Springs and its planning commission knew about Lee’s plat application to Baldwin County and assumed responsibility for the plat application, despite a lack of policies in place for handling such an application. The jury could also have reasoned that the Town of Magnolia Springs, which was aware that Baldwin County already had procedures in place for approving plat applications, imposed its own jurisdiction to prevent the approval of this particular plat application. At any rate, the undisputed facts and evidence were enough to allow the issue to go to a jury.
A jury verdict is entitled to a presumption of correctness and should not be disturbed unless it is plainly wrong or manifestly unjust. Noland Co. v. Southern Dev. Co., 445 So.2d 266 (Ala.1984); Smiley v. State, 52 So.2d 565 (Ala.2010). In addition, a judgment based on a jury verdict and sustained by the denial of a postjudgment motion for a new trial will not be reversed unless it is plainly and palpably wrong. Crestview Mem’l Funeral Home, Inc. v. Gilmer, 79 So.3d 585 (Ala.2011); see also Line v. Ventura, 38 So.3d 1 (Ala.2009). The jury’s decision in this case is not plainly wrong or manifestly unjust. We must presume that the jurors drew from the facts any reasonable inferences necessary to support the verdict, and we must not disturb the jury’s seemingly sound findings. Id.

2. Whether the trial court exceeded its discretion in charging the jury that Alabama law is silent as to whether a municipal planning commission may adopt such a moratorium on subdivision applications.

A trial court has broad discretion when formulating its jury instructions, provided those instructions accurately reflect the law and the facts of the case. Clayton v. LLB Timber Co., 70 So.3d 283 (Ala.2011); Arthur v. Bolen, 41 So.3d 745 (Ala.2010). Therefore, the standard of review for jury instructions generally is whether the trial court exceeded its discretion in giving or refusing to give an instruction. Id. Even if the trial court exceeded its discretion, a reversal of a judgment on the basis that the jury instructions were improper is warranted only when the trial court’s error was prejudicial. Sanders v. Scott, 769 So.2d 292, 294 (Ala.2000); George H. Lanier Mem’l Hosp. v. Andrews, 809 So.2d 802 (Ala.2001).
The Town of Magnolia Springs and its planning commission argue that they were prejudiced by the jury instruction that Alabama law is silent as to whether a municipal planning commission may adopt a moratorium on subdivision-plat applications. That instruction accurately reflects the law in Alabama. Therefore, the trial court did not exceed its discretion in so charging the jury.

3. Whether the planning commission of the Town of Magnolia Springs was required to review a preliminary plat application when, at the time, the Town of Magnolia Springs and its planning commission had no provision in place for the approval or review of preliminary plat applications.

The Town of Magnolia Springs and its planning commission argue that the planning commission was statutorily required to establish rules and regulations regarding the subdivision of land within the jurisdiction of the Town of Magnolia Springs. Accordingly, they reason, the *418 planning commission cannot be held negligent for acts it was legally authorized or required to do. Lee and McKerall argue that the tortious activity began before the statutory requirement became applicable and that the planning commission used the statutory requirement to further the tor-tious activity.
A municipal planning commission enjoys “such powers as may be necessary to enable it to fulfill its functions, promote municipal planning or carry out the purpose of this chapter.” § ll-52-6(a), Ala.Code 1975. Moreover, a planning commission must “adopt subdivision regulations governing the subdivision of land within its jurisdiction” after publication of those regulations and a public hearing. § 11-52-31, Ala.Code 1975. The planning commission’s liability, however, did not spring from its good-faith adherence to these statutes, but from the actions it took to position itself where it could benefit from the statutory restrictions. But for the Town of Magnolia Springs’ assertion of extraterritorial jurisdiction, §§ ll-52-6(a) and 11-52-31 would not have applied to the Town of Magnolia Springs and, accordingly, would not have barred the development of Lee’s property.
Some of the allegedly negligent actions took place before these statutes became relevant. Those actions include the Town of Magnolia Springs’ seeking extraterritorial jurisdiction over Lee’s property while being fully aware (1) that Lee’s plat application was pending before Baldwin County and (2) that the Town of Magnolia Springs did not have any rules or procedures in place to dispose of Lee’s application. If a municipality chooses to regulate land, it must follow its own rules and regulations. Lynnwood Prop. Owners Ass’n v. Lands Described in Complaint, 359 So.2d 357, 360 (Ala.1978) (citing Miller v. City of Albuquerque, 89 N.M. 503, 507, 554 P.2d 665, 669 (1976)); Smith v. City of Mobile, 374 So.2d 305, 307 (Ala.1979) (holding that the power delegated to a municipal planning commission to formulate and publish rules and regulations is not a blank check and that the commission cannot deny citizens the right to use their land lawfully). If a municipality chooses to regulate land before it has even established its own rules and regulations, a reasonable jury could find the municipality liable in tort, notwithstanding the terms of §§ ll-52-6(a) and 11-52-31. The jury in this case could have found that the Town of Magnolia Springs and its officials tor-tiously acquired jurisdiction over Lee’s property to forestall Lee’s subdivision-plat application and, thus, to prevent the development of her private property. Nothing in the record suggests that the jury’s determination was plainly or palpably wrong.

i. Whether the Town of Magnolia Springs is entitled to immunity for its actions in establishing the moratorium on subdivision applications and for declining to receive any applications until it had adopted procedural and substantive subdivision regulations.

Because “neither counties nor municipalities ... are part of the State or enjoy State immunity,” Health Care Authority for Baptist Health v. Davis, [Ms. 1090084, May 17, 2013] — So.3d -, - (Ala.2013), the Town of Magnolia Springs is not entitled to State immunity under Art. I, § 14, Ala. Const.1901.
Municipal immunity is found in § 11-47-190, Ala.Code 1975:
“No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, *419 officer or employee of the municipality engaged in the work therefore and while acting in the line of his or her duty.”
(Emphasis added.) This section limits municipal liability to claims of negligence based on the conduct of agents, officers, or employees of the municipality. As two commentators have explained: “Basically, this statute allows a cause of action for negligence when an agent acts as such during his work for the municipality and causes an injury.” Alex L. Holtsford, Jr., and Steven Anthony Higgins, Liability of a Municipality Under Alabama Law, 56 Ala. Law. 35, 38 (1995).
Therefore, a plaintiff may have a cause of action against a municipality for negligence such as false arrest or false imprisonment, Franklin v. City of Huntsville, 670 So.2d 848, 852 (Ala.1995), City of Bayou La Batre v. Robinson, 785 So.2d 1128, 1131 (Ala.2000); for a city officer’s negligently causing or allowing assault and battery, City of Birmingham v. Thompson, 404 So.2d 589 (Ala.1981); or for failure to remedy dangerous conditions on streets, alleys, or public ways by a corporation unrelated to services provided by the municipality, City of Lanett v. Tomlinson, 659 So.2d 68 (Ala.1995).
Like the plaintiffs in Franklin, Robinson, and Thompson, Lee and McKe-rall alleged claims of negligence against a municipality — the Town of Magnolia Springs and its planning commission. To prevail on a claim of negligence, a party must show that another party’s negligence is more than mere “wrongful decision making.” Ott v. Everett, 420 So.2d 258, 260 (Ala.1982). Municipal immunity does not apply when a town’s agents act negligently, and the evidence was sufficient to allow the jury to determine whether the actions of the Town of Magnolia Springs and its planning commission were negligent beyond “wrongful decision making.” Id.
The Town of Magnolia Springs and its planning commission argue that this case falls under a narrow exception to the general rule that a municipality is not immune from liability for negligence. That exception applies when a municipality’s responsibility to provide for the public safety, health, or general welfare outweighs the reasons for imposing liability on the municipality. However, as explained above (see supra note 1 regarding contributory negligence), the Town of Magnolia Springs seemingly lacked a public-interest reason for delaying the consideration of Lee’s plat application and for thereby thwarting the development of her private property. Moreover, this public-policy exception applies only in rare instances such as when “those narrow areas of governmental activities [are] essential to the well-being of the governed,” or when “the imposition of liability can be reasonably calculated to materially thwart the City’s legitimate efforts to provide such public services.” Rich v. City of Mobile, 410 So.2d 385, 387 (Ala.1982). Although prior cases have held that a municipality is immune from liability for giving erroneous information about property zoning, City of Mobile v. Sullivan, 667 So.2d 122, 127 (Ala.Civ.App.1995), municipal immunity cannot extend to protect a municipality for the actions of its agents who sought extraterritorial jurisdiction over the private property of a citizen so that the municipality could prevent development of that property.
In this case, it was possible for a jury to infer that the activities of the Town of Magnolia Springs and its planning commission were neither legitimate nor aimed at the public welfare but were meant to prevent a private citizen from developing her private property for her economic benefit as well as for the economic and social benefit of the community. Therefore, this *420 case does not fall under the public-welfare exception that would cloak the Town of Magnolia Springs in immunity for the actions of its agents.

5. Whether a remittitur of the jury verdict is appropriate under § 11-4-7-190 and § 11-93-2, Ala.Code 1975, for the alleged diminution in the value of Lee’s property.

Alabama appellate courts have a statutory power of remittitur. § 12-22-71, Ala. Code 1975. Although authorized to determine whether the amounts awarded in this case are excessive, this Court must also presume that the jury’s verdict is correct. Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 320 (Ala.1992).
The Town of Magnolia Springs and its planning commission argue that the personal-injury cap of § 11-47-190, Ala. Code 1975, governs the damages awards in this case. That Code section, however, applies only to bodily injury or death. City of Prattville v. Corley, 892 So.2d 845, 850 (Ala.2003). Because neither Lee nor McKerall suffered bodily injury or death, § 11^47-190 does not apply. The Town of Magnolia Springs and its planning commission claim that their liability for damage or loss of property arising out of a single occurrence may not exceed $100,000. See § 11-93-2, Ala.Code 1975. That section, however, applies only to “tangible property.” § 11-93-1(4), Ala.Code 1975. See Macon v. Huntsville Utils., 613 So.2d 318, 321 (Ala.1992) (contrasting tangible-property rights with incorporeal-property rights). The damages sought in this action are for lost profits, which are neither “bodily injury” under § 11-47-190 nor “tangible property” under §§ 11-93-1(4) and 11-93-2. Therefore, these liability caps do not limit the recovery in this case. See City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998) (damages based on a claim of intentional interference with business relations are not subject to the statutory cap of § 11-93-2).

6. Whether McKerall timely filed a notice of claim.

“Claims [against the municipality] for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.” § 11-47-23, Ala.Code 1975. Because McKerall’s claim sounds in tort, he had to present it to the Town of Magnolia Springs within six months from the date of the accrual of the claim.[2] “A cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon.” Hill v. City of Huntsville, 590 So.2d 876, 876 (Ala.1991).
McKerall moved to be joined as a plaintiff on June 26, 2010. His injuries, however, parallel to those of Lee, accrued no later than the date she filed suit in August 2007. Lee’s complaint, which the Town of Magnolia Springs and its planning commission concede were timely filed, satisfied the notice-of-claim requirement. Filing a lawsuit operates as a notice of claim. See Diemert v. City of Mobile, 474 So.2d 663 (Ala.1985) (holding that filing an action within the six-month notice-of-claim period satisfies § 11^47-23). Because McKerall failed to meet the six-month deadline, he is barred from recovery un *421 less his joinder as a petitioner relates back to the filing date of Lee’s complaint.
The notice-of-claim statute is not satisfied when a municipality merely learns of an incident resulting in an actionable injury. Large v. City of Birmingham, 547 So.2d 457, 458 (Ala.1989). Because “nothing in the original complaint” would put the Town of Magnolia Springs on notice of the additional claims by McKerall, “ ‘relation back’ and other procedural rules designed to ‘heal’ violations of the statute of limitations cannot ‘heal’ violations of the municipal notice-of-claim statute.” City of Birmingham v. Davis, 613 So.2d 1222, 1224 (Ala.1992). See also Locker v. City of St. Florian, 989 So.2d 546, 550 (Ala.Civ.App.2008) (noting that “the relation-back principles of civil procedure do not apply to satisfy the requirements of §§ 11^7-23 and 11-47-192”). Because “relation back” does not “heal” McKerall’s failure to file a timely notice of claim, he is barred from recovery from the Town of Magnolia Springs and its planning commission. Therefore, the judgment as to McKerall is due to be reversed, and the remainder of this opinion will not discuss the judgment as to him.

7. Whether the consent judgment between Lee and McKerall and the Baldwin County Planning Commission and the individual county defendants relieves the Town of Magnolia Springs and its planning commission of liability.

The consent judgment reads, in relevant part:
“While the respondents the Town of Magnolia Springs, the Magnolia Springs Planning Commission, Charles S. Houser and Robert C. ‘Bob’ Hoik [ (‘the Town Parties’) ] are not participating in the settlement which has resulted in this Consent Decree, they are nevertheless parties to this action and their attorneys have received timely notice of the motion of the other parties for the entry of this Consent Decree, and said attorneys have either remained silent after such notice or have notified the Court that they and their clients have no objection to this settlement or to the terms of this Consent Decree. The Town Parties are therefore bound by its provisions, including but not limited to those that confer permanent, exclusive jurisdiction over the subdivision of the lands that are the subject of this action upon Baldwin County and its Planning and Zoning Commission, pursuant to the terms and provisions of the [Baldwin County Subdivision Regulations] as [they] existed on December 19, 2006.”
The parties stipulate that the Town of Magnolia Springs and its planning commission were bound by this consent decree even though they were not a party to the consent decree. Whether the Town of Magnolia Springs and its planning commission are bound to the consent decree does not change our holding regarding the liability of the Town of Magnolia Springs and its planning commission. The Town of Magnolia Springs and its planning commission argue that if they are bound to the consent decree, they may not be found liable because the consent decree expressly states that Baldwin County has exclusive jurisdiction. They allege, to that end, that if the Town of Magnolia Springs and its planning commission had no jurisdiction and no power to act, there could be no duty on the part of the Town of Magnolia Springs and its planning commission to consider or approve the subdivision plat. However, if Baldwin County had exclusive jurisdiction, then the Town of Magnolia Springs and its planning commission could have been negligent for holding themselves out as having jurisdiction and for *422 preventing Lee from developing her prí-vate property. Lee and McKerall argue that the Town of Magnolia Springs and its planning commission not only were bound to the consent decree but also were possibly acting without any authority when they thwarted the development of Lee’s proper-, ty. Therefore, we hold that the jury could have found the Town of Magnolia Springs and its planning commission negligent for alleging to have authority that they did not have or for exercising that assumed authority to Lee’s financial detriment.

8. Whether damages for lost profits on the possible sale of land, with no certain buyer or contract, are remote and speculative.

A jury’s verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. Jamison, Money, Farmer & Co. v. Standeffer, 678 So.2d 1061, 1064-67 (1996) (upholding a damages award because the damages were not speculative). A judgment based on a jury verdict and sustained by the denial of a motion for a new trial will not be reversed unless it is plainly and palpably wrong. Id. Because the jury returned a verdict for Lee, any disputed allegations of fact must be resolved in her favor, and we must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict. Id.
Compensatory damages must be direct and reasonably certain; they may not be remote and speculative. Alabama Power Co. v. Alabama Pub. Serv. Comm’n, 267 Ala. 474,103 So.2d 14 (1958); Crommelin v. Montgomery Indep. Telecasters, Inc., 280 Ala. 391, 194 So.2d 548 (1967). A party may recover anticipated profits of an unestablished business if it presents evidence regarding the profits the business would have earned but for the defendant’s conduct. Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala.1987).
Even though damages for lost profits may not be calculated easily or with mathematical certainty, the rule of “reasonable certainty” maintains that damages for lost profits can still be recovered if the defendant’s wrong proximately caused them. Morgan v. South Cent. Bell Tel. Co., 466 So.2d 107 (Ala.1985).
The Town of Magnolia Springs and its planning commission challenge the sufficiency of the lost-profits evidence put forth by Lee’s experts and claim that the damages awarded were speculative. Lee was not required to prove with perfect certainty that her business plans would lead to a specified profit; she was required only to prove with reasonable certainty that the conduct of the Town of Magnolia Springs and its planning commission proximately caused her to lose anticipated profits. This she did, and the jury awarded damages roughly equivalent to the amount of alleged lost profits. Therefore, this Court affirms the judgment of the trial court in favor of Lee as to this issue.

9. Whether Lee proved by substantial evidence that she was damaged as a proximate result of any alleged negligence of the defendants when § 11-52-32, Ala.Code 1975, provides that a subdivision application is automatically approved if no action is taken within 30 days after submission of the application.

The Town of Magnolia Springs and its planning commission argue that because § 11-52-32, Ala.Code 1975, requires a municipal planning commission to approve or disapprove a plat application within 30 days of its submission, and because the Court in Boulder Corp. v. Vann, 345 So.2d 272 (Ala.1977), held that the 30-day period begins to run on the date the planning commission con *423 siders the application (not on the date when the application is filed), Lee sought the wrong remedy. The Town of Magnolia Springs and its planning commission maintain that the proper remedy was not an action seeking damages for tortious conduct but a writ of mandamus directing the planning commission to consider the application. Mandamus is an extraordinary remedy. Regardless of whether such a writ was appropriate here, Lee did nothing wrong by suing in tort. One need not seek an extraordinary remedy before seeking the ordinary remedy.[3]
The Town of Magnolia Springs and its planning commission cite no authority for the proposition that Lee’s proper remedy was a writ of mandamus rather than a suit for damages. This Court has repeatedly stated:
“‘Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s brief contain “citations to the cases, statutes, other authorities, and parts of the record relied on.” ... “[I]t is well settled that a failure to comply with the requirements of Rule 28(a)(1) requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments.” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala.2005).’ ”
Prattville Mem’l Chapel v. Parker, 10 So.3d 546, 560 (Ala.2008) (quoting Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007)). Because the Town of Magnolia Springs and its planning commission fail to cite any authority on this issue, the issue is waived. City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998) (“When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court’s duty nor its function to perform an appellant’s legal research.”).

10. Whether Lee failed to exhaust her administrative remedies.

To say that Lee had to exhaust all administrative remedies assumes that there were administrative remedies available to her. It also assumes that the subdivision-plat application constituted a “contested case” under the administrative rules and that § 41-22-20, Ala.Code 1975, applies to municipalities. Nevertheless, there were no administrative remedies available to Lee once the planning commission denied the application; nothing before us suggests that the Town of Magnolia Springs or its planning commission had in place alternative remedies to which Lee could resort.
Therefore, the only conceivable remedies for Lee were a writ of mandamus directing the Baldwin County Planning Commission or the Town of Magnolia Springs and its planning commission to approve or disapprove of the plat application (or, barring that, to enjoin the Town of Magnolia Springs from exercising extraterritorial jurisdiction) or a lawsuit in the circuit court. Lee chose the first option as to the Baldwin County Planning Commission before choosing the second option as to the Town of Magnolia Springs and its planning commission. In light of the foregoing, Lee did not fail to exhaust her administrative remedies.

11. Whether the Town of Magnolia Springs or its planning commission proved by substantial evidence that Lee is guilty of contributory negligence.

“Ordinarily, the denial of a JML is proper where the nonmoving party has *424 produced substantial evidence to support each element of his claim.” Cessna Aircraft Co. v. Trzcinski, 682 So.2d 17, 19 (Ala.1996). “[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989); § 12-21-12(d), Ala.Code 1975.
The Town of Magnolia Springs and its planning commission submit that Lee knew all along that Baldwin County, not the Town of Magnolia Springs, had jurisdiction over Lee’s subdivision-plat application. They insist that Lee continually tried to get the planning commission to approve the application and thereby delayed the application process. The Town of Magnolia Springs and its planning commission argue that Lee understood the position she was putting herself in when she caused this delay.
The record does not support this version of the facts. Lee made multiple attempts to submit the plat application to Magnolia Springs’ planning commission because it claimed extraterritorial jurisdiction over the proposed subdivision. Moreover, the record shows that the town officials sought to gain jurisdiction over Lee’s private property to thwart the development of her proposed subdivision.
In support of their contributory-negligence argument, the Town of Magnolia Springs and its planning commission cite three personal-injury cases. These are not analogous to this case, and the Town of Magnolia Springs and its planning commission do not argue why the cases are applicable.
“‘Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s brief contain “citations to the cases, statutes, other authorities, and parts of the record relied on.” Further, “it is well settled that a failure to comply with the requirements of Rule 28(a)(1) requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments.” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala.2005) (citing Ex parte Showers, 812 So.2d 277, 281 (Ala.2001)). This is so, because “‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’” Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).’”
Prattville Mem’l Chapel v. Parker, 10 So.3d at 560 (quoting Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007)).
We hold that the jury could have found no contributory negligence on the part of Lee. A judgment based on a jury verdict and sustained by the denial of a motion for a new trial will not be reversed unless it is plainly and palpably wrong. Jamison, Money, Farmer & Co., 678 So.2d at 1064. The jury was not plainly and palpably wrong as to this issue.

V. Conclusion

We hold that McKerall’s claims against the Town of Magnolia Springs and its planning commission are barred by his failure to timely file a notice of claim pursuant to the terms of § 11^7-23 and § 11-47-192, Ala.Code 1975, and we reverse the judgment in his favor. We affirm the judgment in favor of Lee against the Town of Magnolia Springs and its planning commission, as well as the summary judgment in favor of Houser and *425 Hoik, and we pretermit any remaining issues.
1110105 — ON APPLICATION FOR REHEARING IN CASE NO. 1110505; OPINION OF SEPTEMBER 27, 2013, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
1110505 — APPLICATION OVERRULED; OPINION OF SEPTEMBER 27, 2013, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WISE and BRYAN, JJ., concur.
PARKER and SHAW, JJ., concur in the result.

. "The rule that a plaintiff who was contribu-torily negligent may nonetheless recover from the defendant if the defendant had the last opportunity to prevent the harm but failed to use reasonable care to do so_” Black’s Law Dictionary 960 (9th ed. 2009).

. Section 11-47-192, Ala.Code 1975, requiring that a notice of claim for personal injury contain certain specific facts, does not apply to McKerall. His claim for lost profits is not a "personal injury.” See Coffee Cnty. Comm’n v. Smith, 480 So.2d 1194, 1195 (Ala.1985) (noting that § 11-47-192 "is applicable only to personal injury claims, not to claims for property damage”).

. Lee did first seek mandamus relief as to Baldwin County in the Baldwin Circuit Court.