[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10629
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cv-00105-WKW-SRW


TIMOTHY SHANE FOWLER,

Plaintiff-Appellee,

versus

DENNIS MEEKS,
Covington County Sheriff, et al.,

Defendants,

CITY OF ANDALUSIA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 16, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

The sole question before us in this appeal is whether the district court properly denied the City of Andalusia's (the City) motion to dismiss a state-law negligence claim on immunity grounds. To determine whether the district court properly denied the motion to dismiss, we must consider the interplay between two Alabama statutes: Under Alabama Code § 6-5-338, police officers, and the cities that employ them, are immune "from tort liability arising out of [their] conduct in performance of any discretionary function within the line and scope of [their] law enforcement duties." Under § 11-47-190, a city is liable for acts of its agents only if those acts were the result of the employee's "neglect, carelessness, or unskillfulness." We conclude that these two statutes effectively prevent the plaintiff from imposing liability on the City, and therefore, the City was entitled to immunity. Accordingly, we reverse and remand.

## I.

This appeal arises from an incident during a drug task force raid. Timothy Fowler arrived at a residence to perform some septic tank repair.[1] Before Fowler could exit his car, about thirty masked and armed members of the Covington

---

[1] We recount the facts from the complaint, taken as true, because this appeal arises from a motion to dismiss. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

2

County drug task force and the City Police Department approached him, forcibly removed him from the car, handcuffed him, threw him to the ground, threatened him, and kicked him.  At all times, the task force members and officers had their guns drawn and pointed at Fowler.  Fowler suffers from an abdominal birth defect that is readily apparent, and although he repeatedly cried out in pain and attempted to inform the officers of his condition, the beating continued.  The police officers' conduct caused him severe pain and serious injury.[2]  There is no dispute that Fowler was not the subject of the raid, he did not attempt to resist the officers, and he was never arrested or charged with any crime.

Fowler filed a second amended complaint naming as defendants the Covington County Sheriff and certain deputies, the Covington County Drug Task Force and certain of its members, and the City.  Fowler alleged violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and pendant state-law claims of assault and battery, wantonness, and negligence.  The only count before us on appeal is the negligence count against the City (Count V):  "The actions of . . . the City . . . in investigating and apprehending the Plaintiff were careless, unskilled and neglectful, and reckless and, as such, were grossly negligent . . . ."

---

[2]   The complaint does not describe the nature of these alleged injuries.

3

The City moved to dismiss on the ground that it was entitled to state-agent immunity under Alabama Code § 6-5-338, and statutory municipality immunity under § 11-47-190.

The district court denied the motion without prejudice, explaining that Alabama law disfavored resolving state-agent immunity prior to discovery. Although the court noted that it was a "close call," the court found that neither Alabama statute gave the City immunity from the negligence claims. First, the court explained that § 11-47-190 did not provide immunity from claims of negligence or unskillfulness for the manner in which the officers investigated and arrested Fowler. The court further explained that § 6-5-338 did not offer immunity where the officer failed to follow rules and regulations in making an arrest, which Fowler had alleged in the following allegation in the complaint: "The Defendants . . . knowingly failed to enforce Alabama laws and regulations of the Covington County Sheriff's Department pertaining to investigation, in the use of force and possible deadly force by Defendant Covington County deputies."

The City moved for reconsideration, which the court denied. This interlocutory appeal followed.

## II.

We review *de novo* the denial of a motion to dismiss based on state action immunity. *Danner Consrt. Co., Inc. v. Hillsborough Cnty., Fla.*, 608 F.3d 809,

812 (11th Cir. 2010). "Although we take the allegations of the complaint to be true on motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The City argues that it was entitled to immunity under § 11-47-190 because the acts alleged in the complaint depict intentional torts and not mere negligence or carelessness. Even if the complaint identified acts of negligence, the City contends it would be entitled to immunity under § 6-5-338 because the officers were performing discretionary functions in the scope of their employment. The City further disagrees with the district court's conclusion that the complaint alleged that the officers had failed to adhere to internal rules and regulations because the allegations in the complaint do not identify any violation of a City policy or that the regulations applied to the raid in which Fowler was injured. Finally, the City disagrees that the district court should wait until after discovery to decide the immunity issue to adhere to the Alabama Supreme Court's preference.

A. Immunity under § 11-47-190

Alabama law provides a municipality with immunity for injuries caused by its agents unless the injury resulted from the "neglect, carelessness, or unskillfulness" of the agent. Ala. Code § 11-47-190; *Brown v. City of Huntsville,*

5

*Ala.*, 608 F.3d 724, 742-43 (11th Cir. 2010).  Under Alabama law, excessive force during an arrest, or assault and battery, can constitute "unskillfulness" under § 11-47-190 if it "falls below the response which a skilled or proficient officer would exercise in similar circumstances."  *City of Birmingham v. Thompson*, 404 So.2d 589, 592 (Ala. 1981); *see also Lee v. Houser*, --- So.3d ---, 2013 WL 6703454, *9 (Ala. 2013) (explaining that a plaintiff may state a negligence claim against a city when an officer negligently causes or allows an assault and battery).

Here, taking the facts in the complaint as true, Fowler alleged acts that constitute more than negligence; they show deliberate actions akin to intentional torts.  According to Fowler, task force members pulled him from his car, threw him to the ground with guns pointed at him, and repeatedly kicked him even after he cried out in pain and attempted to inform the officers of his medical condition.  The task force members knew he was not the subject of the drug raid, nor had he resisted the officers in any way.  *See Brown*, 608 F.3d at 742-43 (concluding that the facts showed that the officer acted intentionally when spraying the plaintiff with pepper spray during an arrest).  Thus, because the facts show intentional conduct, the City is entitled to immunity under § 11-47-190.

B.  Immunity under § 6-5-338

Even if we were to conclude that the facts alleged negligence and that § 11-47-190 did not provide immunity, § 6-5-338 may still immunize the City for acts

6

of negligence by police officers.  Alabama law provides for immunity for police officers performing discretionary functions within the scope of their employment. Ala. Code § 6-5-338(a); *Brown*, 608 F.3d at 741-42.  Thus, police officers, and by extension the City, are generally immune from claims of negligence.  Ala. Code § 6-5-338.

Here, the task force members were performing discretionary functions within the scope of their employment.  *See Hollis v. City of Brighton*, 950 So.2d 300, 309 (Ala. 2006) (explaining that state-agent immunity applies when the agent is "exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala.Code 1975"); *see also Ex parte Cranman*, 792 So.2d 392, 405 (Ala. 2000).  *But cf. Mann v. Darden*, 630 F.Supp.2d 1305, 1318 (M.D. Ala. 2008) ("using an unreasonable amount of force is not within the discretion of an officer" (internal citation omitted)).[3]  Thus, § 6-5-338 provides the City with immunity from Fowler's claims.

The district court found that the allegations fell within an exception to immunity under § 6-5-338:  An officer, and thus the City, is not immune where the

---

[3] Even if the use of excessive force would remove the officer's immunity because it falls outside the officer's discretion, the City would still be entitled to immunity under § 11-47-190 for the officer's intentional conduct.  *Mann*, 630 F.Supp.2d at 1319-20.

7

officer, while engaged in an arrest, fails to follow "detailed rules or regulations, such as those stated on a checklist." *Ex parte City of Tuskegee*, 932 So.2d 895, 906 n.6 (Ala. 2005); *see also Howard v. City of Atmore*, 887 So.2d 201, 209 (Ala. 2003) (concluding that the state agent was not entitled to immunity when he failed to follow detailed rules and regulations stated in the admissions procedures for monitoring inmates and conducting checks of inmates twice an hour).

We disagree.  Reviewing the complaint in this case, we cannot conclude that Fowler sufficiently alleged the failure to follow any such detailed rules or regulations to overcome immunity.  First, in a single paragraph in the facts section of his complaint, Fowler alleged that "the Defendants . . . knowingly failed to enforce Alabama laws and regulations of the Covington County Sheriff's Department pertaining to investigation, in the use of force and possible deadly force by Defendant Covington County deputies."  But Fowler did not identify how *the City* failed to follow any rules, or even what specific rules and regulations the City and its agents failed to follow.  Rather, this allegation specifically states that the rules applied to Covington County deputies and it was the Covington County deputies who failed to adhere to them.  In the absence of a specific rule, regulation, or guideline set out to limit the City and the individual officers' broad discretion in exercising his or her judgment, we cannot conclude that allegations fall within the exception to immunity under § 6-5-338.  *See, e.g. Giambrone v. Douglas*, 874

8

So.2d 1046, 1054 (Ala. 2003) (discussing the various regulations that limited the employee's discretion in the exercise of his duties).  Thus, even if we accept everything in the complaint as true, Fowler's single reference to rules and regulations is insufficient to defeat the City's immunity claim under § 6-5-338.

Finally, we disagree with the district court that we should not decide the immunity issue in a motion to dismiss.  Although Alabama may favor such procedural delay, federal courts are not bound by it.  *See McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004) (applying federal law to procedural issue where court exercised supplemental jurisdiction over state-law claims).  At the motion to dismiss stage, we look to see whether the plaintiff could possibly prevail, and in light of the interplay between § 11-47-190 and § 6-5-338, we see no set of facts against the City that would enable Fowler to defeat the City's immunity.  Thus, even if we were to apply Alabama's preference, we would conclude that this is one of those "rare cases" in which it is appropriate to apply immunity at the motion to dismiss stage.  *Cf. Patton v. Black*, 646 So.2d 8, 10 (Ala. 1994) (explaining the "rare case" for immunity at the motion to dismiss stage).

### III.

Because we conclude that the City was entitled to immunity under Alabama law, we reverse and remand with instructions to grant the City's motion to dismiss Count V.

**REVERSED and REMANDED.**